IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES PAGE                                                                                              Plaintiff

VS.                                                          CIVIL ACTION NO. 2:05CV2150KS-MTP

HOWARD INDUSTRIES, INC.                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on defendant's motion for partial summary judgment regarding an allegation of racial jokes and defendant's motion for partial summary judgment regarding an allegation of failure to promote based on race.  From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that both motions for partial summary judgment are well-taken and should be granted.  The court specifically finds as follows:

FACTUAL BACKGROUND

Plaintiff, a former employee of defendant Howard Industries, Inc. ("Howard"), commenced this action on November 10, 2005, alleging that he had been unlawfully discriminated against on the basis of his race.  In his Complaint plaintiff, an African-American, alleges that he was not promoted because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, and that his termination from employment for excessive absences was racially discriminatory, in violation of Title VII as well as the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

1

Plaintiff's Complaint also alleges that racial jokes were told by various supervisors in his presence, in violation of Title VII.

Plaintiff was initially employed by Howard from June 21, 1994 to January 23, 1998 as a coil winder. He resigned for another job and was then re-employed by Howard as a coil winder on September 17, 1998. Approximately eight years ago, plaintiff was involved in a train accident causing back and neck complications from which he is still suffering. In addition, plaintiff suffers from gastro-intestinal problems. Because of his medical problems, plaintiff had to see physicians regularly. Plaintiff alleges that when he would miss work due to a doctor's appointment, he would present doctor's excuses. Plaintiff was discharged on February 18, 2005, allegedly for unsatisfactory attendance. According to defendant, plaintiff was absent from work for twenty-one days during a twelve-month period. Plaintiff alleges that defendant never informed him of his right to take Family and Medical Leave Act leave for his medical treatment.

On April 9, 2005, plaintiff filed a Charge of Discrimination with the EEOC (the "EEOC Charge"), alleging that he had been unlawfully terminated from employment on the basis of his race in violation of Title VII. Specifically, the EEOC Charge states:

> Since March 2004, I was constantly harassed by being called to the office about my doctor excuses and on February 18, 2005, I was discharged from my position as a Coil Winder...Robert Ray (White) Personnel Manager stated I was discharged for unsatisfactory attendance. Brant Springer (White) Labor Relations Administrator stated that my doctors excuses were unacceptable and not what he wanted. I believe that I have been discriminated against because of my race (Black) in violation of Title VII...A White co-worker (Joey Trottman) with an attendance record similar to or worst [*sic*] than my attendance record was not similarly discharged; however he was put on a leave of absence and I was discharged.

After receiving his right to sue notice from the EEOC dated August 15, 2005, plaintiff commenced this lawsuit. On May 22, 2006, defendant moved for partial summary judgment regarding plaintiff's allegation in his Complaint that "[n]umerous racial jokes were told by foremen and supervisors of the Defendant in the presence of the plaintiff." On August 11, 2006, defendant moved for partial summary judgment regarding the allegation in Plaintiff's Complaint of failure to promote based on race. Both motions are based on plaintiff's alleged failure to exhaust administrative remedies with respect to these allegations by failing to include them in his EEOC Charge. Plaintiff has opposed both motions.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The moving party, however, need not negate the elements of the non-movant's case. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) *(citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once the moving party satisfies its initial burden, the non-movant may not rest on the pleadings, but must "identify specific evidence in the . . . record demonstrating that there is a

3

material fact issue concerning the essential elements of its case.'" *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (citation omitted); *see also Celotex*, 477 U.S. at 322-23**;** *Anderson*, 477 U.S. at 257.  "The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the nonmovant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial."  *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1995) (citation omitted).

In analyzing a motion for summary judgment, all evidence must be "construed in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams. v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996) (citation omitted).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in her favor." *Palmer v. BRG, Inc.*, 498 U.S. 46, 49 n.5 (1990) (*quoting Anderson*, 477 U.S. at 255).  Nevertheless, "conclusory allegations, speculation and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass*, 79 F.3d at 1429 (citation omitted).  Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial.  *See Celotex*, 477 U.S. at 322.  "In such situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

## ANALYSIS

In its two motions for partial summary judgment, defendant argues that plaintiff failed to

exhaust his administrative remedies with respect to his allegation of racial jokes and his claim for failure to promote, because these allegations were not included in his EEOC Charge. It is well-established that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC prior to filing a suit under Title VII in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). Having filed a charge with the EEOC, "the scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Texas Dep't of Crim. Justice*, 220 F.3d 389, 396 (5th Cir. 2000), *reh'g denied*, 2000 U.S. App. LEXIS 24843 (5th Cir. 2000) (citation omitted). Put another way, a subsequent lawsuit "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994) (citation omitted). The reason is because "the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

In determining whether an EEOC investigation of a particular allegation could reasonably be expected to grow out of plaintiff's EEOC Charge, the court must look to the factual statement contained therein. *See Sanchez*, 431 F.2d at 462 (stating that "the crucial element of a charge of discrimination is the factual statement contained" in the EEOC charge). "The scope of the inquiry is not...limited to the exact charge brought to the EEOC." *McDonald v. S. Diversified Indus., Inc.*, 2003 U.S. Dist. LEXIS 26955, at * 7-8 (N.D. Miss. Aug. 5, 2003) (citing *Young v. Houston*, 906 F.2d 177, 179 (5th Cir. 1990)). In this respect, it is important to keep in mind that

"EEOC charges are to be given a liberal construction, especially those authored by unlawyered complainants." *McDonald*, 2003 U.S. Dist. LEXIS 26955, at *8 (*citing Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)).

Plaintiff's failure to promote allegations are not contained within his EEOC Charge.[1] The only allegation in the EEOC Charge relates to his allegedly discriminatory discharge. Even giving the EEOC Charge a liberal construction, the court cannot say that an EEOC investigation of failure to promote could reasonably be expected to grow out of a charge of unlawful termination - which is an entirely different allegation based on an entirely different set of facts. However, in an EEOC intake form dated March 31, 2005 (the "Intake Form"), which preceded plaintiff's EEOC Charge, plaintiff stated: "I think that these actions started when I applied for a position as a supervisor. Even though I was the only one to pass the test I was denied the job and the position went to a white guy. When I complained about not recieving [sic] the position I think this is when the prejudice against me started. They started harassing me about my doctors excuse [sic]...". Plaintiff signed the Intake Form. Plaintiff argues this Intake Form was sufficient

---

[1] Plaintiff alleges in his Complaint the following: in 2000, plaintiff was called to the office of Mike Graham, the general supervisor. Mr. Graham asked plaintiff if he was interested in taking the supervisor's test. Plaintiff responded that he was interested and he asked why Mr. Graham wanted him to take the exam. Mr. Graham responded that a supervisor position would be available later, but that no one had passed the necessary exam. Plaintiff then went to the personnel office and took the exam, which he passed. However, when the supervisor position became available, a white employee (whom plaintiff alleges failed the exam) was hired instead of plaintiff. The supervisor position became available in 2001, but instead of being offered to plaintiff was given to another white employee who, according to plaintiff, openly stated that he had taken the supervisor's exam on several occasions and had failed the exam. In 2002, another employee who openly stated that he had failed the exam was given the supervisory position. Later in 2004, plaintiff applied for a different job with defendant, but the position was given to another employee who had only worked there eight months and had not applied for the job. Plaintiff was not given any reason for why he was not selected for these positions.

6

to constitute an exhaustion of his administrative remedies with respect to the claim of failure to promote.

Both statute and regulation require that the "charge" be under oath or affirmation, 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.9, and it must describe the practices complained of, 42 U.S.C. § 2000e-5(e)1); 29 C.F.R. § 1601.12.  This formal charge is the only document that must be sent to the charged party.  42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. §1601.14.  Therefore, the court finds that it is the only document that can satisfy the notice requirement and an intake form is not sufficient to accomplish this purpose.  *See Lawrence v. Cooper Communities,* Inc., 132 F.3d 447, 450 (8th Cir. 1998) (unverified intake questionnaire does not constitute a "charge" within the meaning of the statute); *McCall v. Board of Commissioners*, 291 F.Supp. 2d 1216, 1222 (D.Kan. 2003) (submission of intake questionnaire not sufficient to constitute filing of administrative charge); *Hester v. Van Chevrolet Co.*, 1998 U.S. Dist. LEXIS 3026, at * 6 n.6 (N.D. Tex. Mar. 4, 1998) (filing of intake questionnaire not sufficient to constitute timely filing of charge).[2]  Thus, the court finds that plaintiff failed to exhaust his administrative remedies with

---

[2] In *Hester*, the court distinguished the Fifth Circuit's decision in *Price v. S.W. Bell Tel. Co.*, 687 F.2d 74 (5th Cir. 1982) - a case on which plaintiff relies in his opposition to the motions for partial summary judgment - in which the court reversed the lower court's granting of summary judgment to defendant on the ground that plaintiff had failed to exhaust her administrative remedies.  The *Price* court found that plaintiff had completed an informal complaint which, although neither signed nor sworn, described the alleged discriminatory conduct in enough detail to enable the EEOC to issue an office notice of charge to defendant, thus setting the administrative machinery in motion. *Id.* at 78.  The court found the fact that the EEOC considered the informal complaint sufficient to initiate the administrative process was relevant for determining whether the complaint constituted a "charge" within the meaning of the statute and regulations. *Id.* at 78-79.  The court concluded that there was a triable issue of fact with respect to a possible EEOC waiver of the charge requirement. *Id.* at 79.  In *Hester*, however, there was no evidence that the EEOC considered the intake questionnaire sufficient to satisfy the charge requirement, nor was there evidence that following the submission of the intake questionnaire, the EEOC issued notice of the charges to defendant "or otherwise set the

respect to the failure to promote claim and summary judgment for defendant is warranted.

Plaintiff's allegation regarding racial jokes (presumably to support a claim for hostile work environment in violation of Title VII) is also not contained in the EEOC Charge (nor, for that matter, is it mentioned in the Intake Form).[3]  Again, as with the claim of failure to promote, the court finds that even giving the EEOC Charge a liberal construction, the court cannot say that an EEOC investigation of racial jokes could reasonably be expected to grow out of a charge of unlawful termination - which is an entirely different allegation based on an entirely different set of facts.  It is unreasonable to assume that the mere mention of "race" in the EEOC Charge would result in an EEOC investigation into all possible bases of discrimination or a hostile work environment based on race.  Accordingly, the court finds that plaintiff has failed to exhaust administrative remedies with respect to this allegation and summary judgment for defendant is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion for partial summary judgment regarding the allegation of racial jokes [# **12**] is granted and that allegation in plaintiff's complaint is dismissed with prejudice, and defendant's motion for partial summary judgment regarding the allegation of failure to promote based on race [# **21**] is granted and that allegation in plaintiff's complaint is also dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that defendant's motion for hearing on

---

administrative machinery in motion."  1998 U.S. Dist. LEXIS 3026, at *6 n.6.  There is similarly no such evidence in the case *sub judice*.

[3] Plaintiff alleges in his Complaint that "[n]umerous racial jokes were told by foreman and supervisors of the Defendant in the presence of the Plaintiff."

the motion for partial summary judgment regarding the allegation of failure to promote based on race [# **22**] is denied.

SO ORDERED and ADJUDGED on this, the 5th day of December, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE