IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES PAGE                                                                                    PLAINTIFF

v.                                                                                  No. 2:05cv2150KS-MTP

HOWARD INDUSTRIES, INC.                                                            DEFENDANT

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with certain orders of the court. Having reviewed the entire record in this matter, the undersigned recommends that this action be dismissed without prejudice.

**Procedural History**

On or about November 10, 2005, plaintiff Charles Page ("Page") filed this complaint against Howard Industries alleging *inter alia* violations of 42 U.S.C. § 2000e.[1] At this time plaintiff is proceeding *pro* se, although he was previously represented by counsel.

On February 27, 2007, the court held a hearing on a motion [39] of plaintiff's counsel to withdraw. Plaintiff was ordered [40] to personally appear, but he failed to do so. Further, he made no attempt to contact the court.

After allowing plaintiff's counsel to withdraw, the court scheduled a case management and status conference for April 3, 2007. Plaintiff was again ordered [41] to personally appear. Plaintiff failed to appear despite being ordered to do so.

Plaintiff was then ordered to show cause [43] in writing on or before April 16, 2007, why the court should not impose sanctions, costs, or grant other relief for plaintiff's failure to appear

---

[1] Complaint [1]. Plaintiff alleges employment discrimination by his former employer.

as ordered.  To date, plaintiff has failed to respond as ordered.

Page has not filed any pleadings and has not contacted the court since his counsel was allowed to withdraw from the case on or about February 27, 2007.  Page has failed to respond to the court's orders and has been warned that failure to comply may result in a "recommendation that this matter be dismissed with prejudice."

On April 13, 2007, defendant filed a motion [44] to compel discovery.  Plaintiff never responded to the motion.  Thus, plaintiff has failed to respond to three court orders [40][41][43] and has not responded to the pending motion.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S.  at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

Although Page has been warned that the matter would be dismissed if he failed to comply with court's orders [40][41][43], Page has failed to comply. Thus, it appears that the plaintiff has

---

[2] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

lost interest in proceeding with this action and has abandoned it. Accordingly, this case may properly be dismissed under rule 41(b). *Hejl v. State of Texas,* 664 F.2d 1273, 1274-75 (5th Cir. 1982) (affirming dismissal with prejudice in the "face of a clear record of delay"); *see also Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker,* 56 F.3d 1386 (5th Cir. 1995) (affirming dismissal under "circumstances evincing delay or contumacious conduct").

## RECOMMENDATION

As the plaintiff has failed to prosecute his case and to comply with the court's orders, it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 4th day of May, 2007.

                                                                        s/ Michael T. Parker

                                                                         United States Magistrate Judge